UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NATIONAL IMMIGRATION LITIGATION ALLIANCE; REFUGEES INTERNATIONAL,<br><br>       Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>       Defendant. | Case No. _____ |

## FOIA COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant U.S. Department of State (DOS) to immediately release records relating to the United States' arrangements and/or agreements with foreign nations to receive individuals not from those nations who are being deported from the United States. Plaintiffs Refugees International (RI) and National Immigration Litigation Alliance (NILA) seek declaratory, injunctive, and other appropriate relief with respect to Defendant's unlawful withholding of these records.

2. Individuals subject to deportation from the United States generally are deported to the country the individual designates in removal proceedings, which is often their country of origin. 8 U.S.C. § 1231(b)(2)(A); *see also* 8 U.S.C. § 1231(b)(1)(A) (providing that certain individuals generally are deported to the countries in which they boarded the vessel that brought them to the United States). However, in certain circumstances—for example, where an individual cannot be deported to their country of origin because they may be persecuted or

1

tortured in that country—the U.S. government may deport them to a different country, which is often referred to as a third country deportation. *See, e.g.*, 8 U.S.C. § 1231(b)(1)(C), (b)(2)(E). In recent months, the number of third country deportations has sharply risen.[1] The United States has carried out these recent third country deportations without providing any notice or any opportunity for the individuals involved to contest deportation to a country to which they have no connection.

3.      Moreover, the policies, arrangements, and agreements governing these third country deportations remain shrouded from public view. While the Secretary of State has made clear that DOS has requested that "multiple countries" accept third country deportations, the agreements governing such deportations are not public.[2] Thus, it is unclear which countries are likely to accept third country deportations. Moreover, DOS has not made public the specifics of such agreements, including how many individuals may be deported to various third countries, the conditions in which individuals will be placed after third country deportations, and whether and to what extent foreign nations are receiving compensation for accepting third country deportations, despite broad public interest.

4.      On April 5, 2025, Plaintiffs submitted a request pursuant to FOIA to Defendant, requesting records related to Defendant's arrangements and/or agreements with several countries to receive third country nationals being deported from the United States. A copy of the FOIA request is attached as Exhibit A. Despite its statutory obligation to do so, Defendant has failed to

---

[1]     *See, e.g.*, Amanda Taub, *The Trump Administration Is Lining Up More Countries to Take Its Deportees*, N.Y. Times (May 14, 2025), https://www.nytimes.com/2025/05/14/world/trump-administration-deportees.html.
[2]     Erin Mansfield, *"Not Just El Salvador": Marco Rubio Says U.S. Looking for More Countries to Send Migrants*, USA Today (Apr. 30, 2025), https://www.usatoday.com/story/news/politics/2025/04/30/trump-deportation-rubio-el-salvador/83368930007/.

substantively respond to the FOIA request or produce any records in response to it. Plaintiffs now ask this Court to order Defendant to locate and release all records responsive to the FOIA Request.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff NILA has its principal place of business in this District; venue is also proper under 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff resides in this District.

7. Because Defendant failed to comply with the applicable time limitations in responding to the FOIA Request, Plaintiff is deemed to have exhausted administrative remedies in connection with the request. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

8. Plaintiff NILA is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling in individual cases and providing strategic assistance. In addition to litigation, NILA disseminates practice materials on its public website and frequently presents on federal court and immigration law and practice.

9. Plaintiff RI is a tax-exempt, non-profit organization under section 501(c)(3) of the

Internal Revenue Code, with its principal place of business in Washington, D.C. Refugees International was founded in 1979 as a citizens' movement to defend the rights of people fleeing Vietnam, Cambodia, and Laos. Since then, RI has expanded to become a globally focused organization that advocates for humanitarian assistance, human rights, and protection, especially pathways to safety and non-refoulement, for displaced people. It publishes reports on its website to inform the public about displacement crises and foreign and domestic policy responses to them, including those disclosed through FOIA.

10. Defendant DOS is an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, DOS represents the United States overseas and negotiates agreements with foreign nations.

## FACTUAL ALLEGATIONS

11. On April 5, 2025, Plaintiffs submitted the FOIA Request to Defendant, requesting records related to Defendant's arrangements and/or agreements with several countries to receive third country nationals being deported from the United States. Exhibit A. Specifically, Plaintiffs requested:

- Copies of written agreements, whether formal or informal and through whatever medium, between the United States and the governments of Panama, Costa Rica, Guatemala, El Salvador, Honduras, and/or Mexico regarding:
    - The transfer, receipt, and/or acceptance of third country nationals removed or otherwise sent from the United States to Panama, Costa Rica, Guatemala, El Salvador, Honduras, or Mexico.
    - Payment by the United States to Panama, Costa Rica, Guatemala, El Salvador, Honduras, or Mexico to cover expenses related to the stay of third country nationals in Panama, Costa Rica, Guatemala, El Salvador, Honduras, or Mexico following their being removed or otherwise sent from the United States and/or their subsequent repatriation to their country of origin.

- Copies of any contract or memorandum with the International Organization for Migration related to third country nationals sent, or to be sent, from the United States to Panama, Costa Rica, Guatemala, El Salvador, Honduras, and/or Mexico.

4

- Communications to or from the U.S. Department of State, including but not limited to Mauricio Claver Carone, Micael Kozak, Ricardo Pita, and Jay Bischoff, since January 20, 2025, setting forth any agreements and/or authority that Panama, Costa Rica, Guatemala, El Salvador, Honduras, Mexico, and/or Nicaragua may receive third country nationals the United States is removing, transferring, sending or otherwise expelling from the United States, including:
    - Limitations on which individuals may be subject to the agreements;
    - Limitations on how many third country nationals may be received pursuant to the agreements;
    - Procedures to be followed to remove, transfer, or otherwise expel third country nationals subject to the agreements; and
    - Assurances or other statements from the receiving country regarding the treatment to be accorded third country nationals sent there by the United States.

*Id.* at 1-2.

12. Together with the request, Plaintiffs sought a waiver of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), demonstrating that the requested material was critically important to assist members of the public in understanding government operations and activities related to the removal of noncitizens to third countries; that this was a matter of great public concern;[3] that Plaintiffs had the capacity and intent to disseminate widely the requested information to the public; and that disclosure was not in Plaintiffs' commercial interest. *See id.* at 3.

13. By an email dated April 5, 2025, Defendant acknowledged receipt of the FOIA Request. Exhibit B. The letter did not adjudicate Plaintiffs' fee waiver request. *See id.*

14. Defendant did not notify Plaintiffs whether it determined to comply with the

---

[3] *See, e.g.*, Matias Delacroix & Megan Janetsky, *Asylum-Seekers Deported from U.S. to Panama Fear They Will Be Forgotten As Options Dwindle*, PBS News (Mar. 21, 2025), https://www.pbs.org/newshour/world/asylum-seekers-deported-from-u-s-to-panama-fear-they-will-be-forgotten-as-options-dwindle; Ronny Rojas, *Group of Mostly Asian Migrants Deported from U.S. Arrive in Costa Rica*, NBC News (Feb. 21, 2025), https://www.nbcnews.com/news/asian-america/us-deportation-flight-costa-rica-asian-migrants-san-jose-rcna192902; Philip Holsinger, *What the Venezuelans Deported to El Salvador Experienced*, Time (Mar. 21, 2025), https://time.com/7269604/el-salvador-photos-venezuelan-detainees/; Jose Olivares, *Venezuelan Immigrants Deported from U.S. to Venezuela via Honduras*, The Guardian (Mar. 24, 2025), https://www.theguardian.com/us-news/2025/mar/24/venezuela-immigrants-us-honduras.

FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6). Defendant has failed to produce any records or make any substantive response to the FOIA Request.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

15. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

16. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiffs' FOIA Request.

17. Plaintiffs submitted the FOIA Request on April 5, 2025. Defendant failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays). Similarly, Defendant failed to provide written notice to Plaintiffs invoking an extension in the time taken to comply with the request within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) (10 additional working days).

18. Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

### COUNT TWO

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**

19. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

20. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records to Plaintiffs.

21. Upon information and belief, Defendant has not conducted any search for records responsive to the FOIA Request. Defendant has not made a determination with respect to Plaintiffs' FOIA request or produced any records responsive to the FOIA Request. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

22. Defendant's failure to conduct a reasonable search and disclose all records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3) and the corresponding regulations.

### COUNT THREE

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Plaintiffs' Public Interest Fee Waiver Request

23. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

24. Plaintiffs satisfy the statutory requirements for a waiver of processing fees associated with responding to the FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and thus are entitled to such a waiver. Defendant is required to make a determination on Plaintiffs' request for a fee waiver. *Id*.

25. Defendant failed to make a determination on Plaintiffs' request for a fee waiver. In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), the Court should order Defendant to waive processing fees associated with responding to the FOIA Request.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Assume jurisdiction over this action;

b) Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiffs, and failure to disclose the records requested by Plaintiffs;

c) Order Defendant to make a full, adequate, and expeditious search for the requested records;

d) Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding the requested records;

e) Order Defendants to waive fees associated with responding to the FOIA Request;

f) Award Plaintiffs costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable statute or regulation; and

g) Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

*s/ Stephanie Marzouk*
Stephanie Marzouk
Marzouk Law LLC
2464 Massachusetts Ave, Ste 317
Cambridge, MA 02140
(617) 674-2112
sym@marzouklaw.com

Kristin Macleod-Ball*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 506-3646
kristin@immigrationlitigation.org
mary@immigrationlitigation.org

*Attorneys for Plaintiff*

Dated: June 10, 2025

*Pro hac vice application forthcoming