# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| National Immigration Litigation Alliance;<br>Refugees International,<br><br>                Plaintiffs,<br>v.<br><br>U.S. Department of State,<br><br>                Defendant. | Civil Action No. 1:25-cv-11692-LTS |

## JOINT STATUS REPORT

The Parties, Plaintiffs National Immigration Litigation Alliance and Refugees International, and Defendant, the U.S. Department of State, respectfully submit this Joint Status Report in response to the Court's January 13, 2026, electronic order (ECF No. 26).

1. On April 5, 2025, Plaintiffs submitted their Freedom of Information Act request seeking records "prepared, received, transmitted, and/or collected by the U.S. Department of State that relate to arrangements made between the United States and the governments of Panama, Costa Rica, Guatemala, El Salvador, Honduras, and/or Mexico, respectively, since January 20, 2025, whereby any or all of these countries agreed to receive third country nationals being removed, transferred, or otherwise expelled from the United States."  (ECF Doc. 1-3 at 1).

2. On June 10, 2025, Plaintiffs filed a FOIA Complaint for Declaratory and Injunctive Relief. (ECF Doc. 1 at 1).

3. On July 16, 2025, Defendant, the U.S. Department of State, filed an Answer to the Complaint. (ECF Doc. 8).

4. On July 21, 2025, the parties met and conferred about this matter. Defendant informed Plaintiffs that it had begun and was continuing to search for and review documents potentially responsive to Plaintiffs' FOIA request.

5. Defendant made its first production of records on August 25, 2025, in which Defendant stated that it had "identified two records responsive to the FOIA" and "determined that both records may be released in part." The production contained 26 pages of responsive records, released in part. The Department represents that it processed over 300 pages of potentially responsive material for its first production.

6. Defendant made its second records production on September 29, 2025. Defendant produced one record, in part, on September 29, 2025. Defendant represents that it processed 300 pages of potentially responsive documents for its second production.

7. Defendant issued its third records production in this case on December 10, 2025. That production consisted of five records: two of which were released in part (totaling 36 pages), and three records which were withheld in their entirety. On that date, Defendant estimated that there were approximately 87 potentially responsive documents remaining to be processed, totaling 594 pages and further stated that this number was an approximation, which might change if and to the extent that additional records were located or supplemental searches were conducted as a result of the review of the remaining records to be processed. This third production was made after the processing of records in this case was delayed due to the lapse of appropriations which caused the majority of Defendant's FOIA processing staff to be furloughed for the month of October into November, 2025.

8. On January 9, 2026, Defendant made its fourth records production in this case. Defendant represents that it processed 300 pages of potentially responsive documents for its fourth production. Defendant represents that this production consisted of seven records, all of

2

which were withheld in their entirety. Defendant estimated that there were approximately 82 potentially responsive documents remaining to be processed at that time, consisting of 506 pages left to review. The parties agreed that Defendant, in the next month, would process approximately 300 pages of records. *See* Dkt. 25 ¶ 10.

9. On February 13, 2026, Defendant made its fifth records production in this case. Defendant represents that it processed 108 pages, and that this production consisted of 12 records, one of which was released in full, six of which were withheld in part, and five of which were withheld in their entirety. Defendant estimates that there are approximately 67 potentially responsive documents remaining to be processed at this time, consisting of 398 pages left to review. This number is an approximation and may change if and to the extent that additional records are located or supplemental searches are conducted as a result of the review of the remaining records to be processed at the moment.

**Defendant's Position**

10. At this point, remaining records are pending clearances from those bureaus, offices, and potential third agencies with equities present in the records. The parties agreed previously that Defendant would process approximately 300 pages of records per month and make rolling productions of non-exempt, responsive material monthly. Due, however, to the pending clearances, Defendant cannot commit to processing at such a rate going forward.

11. As such, Defendant will make its next production on or before March 13, 2026, making all efforts possible to process as many records as they become available. Defendant will also provide an approximate page count to Plaintiffs of the potentially responsive records remaining to be processed at that time.

12. WHEREFORE, for the reasons stated herein, Defendant respectfully proposes that they submit a joint status report by March 17, 2026, to update the Court on the status of Plaintiff's request and to provide a proposed schedule or schedules for summary judgment briefing in this case.

**Plaintiff's Position**

13. Plaintiffs are troubled that Defendant did not process the agreed upon number of pages in the past month, that Defendant has not agreed to process any set number of pages in the upcoming month, and Defendant's statements suggest that its processing of records is not yet complete more than 15 months after Plaintiffs submitted the FOIA request at issue in this case. For that reason, Plaintiffs believe it is appropriate for this Court to set a schedule for production and summary judgment briefing at this stage.

14. Plaintiffs propose that the following schedule would be appropriate:

>**March 17**: Defendants complete any remaining searches and produce any remaining responsive records;
>
>**April 7**: Defendant files any motion for summary judgment;
>
>**April 28**: Plaintiffs file a motion for summary judgment and response to Defendant's motion for summary judgment, if any;
>
>**May 19**: Defendant files an opposition to Plaintiffs' motion for summary judgment and reply in support of their motion, if any; and
>
>**June 9**: Plaintiffs file a reply in support of their motion for summary judgment.

Plaintiffs will file a motion for a production and briefing schedule at the Court's request. WHEREFORE, for the reasons stated herein, Plaintiffs respectfully propose that the Court set a schedule for production of the remaining records and summary judgment briefing in this case.

Respectfully submitted,

| PLAINTIFFS | DEFENDANT |
|---|---|
| By their counsel, | By its counsel, |

s/ *Kristin Macleod-Ball*
Kristin Macleod-Ball*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 506-3646
kristin@immigrationlitigation.org
mary@immigrationlitigation.org

Stephanie Marzouk
Marzouk Law LLC
2464 Massachusetts Ave, Ste 317
Cambridge, MA 02140
(617) 674-2112
sym@marzouklaw.com

*Admitted *pro hac vice*

LEAH B. FOLEY
United States Attorney

/s/ *Shawna Yen*
Shawna Yen
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA  02210
(617) 784-3100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the NEF and paper copies to those not registered.

/s/ *Shawna Yen*
SHAWNA YEN
Assistant U.S. Attorney

Dated:   February 17, 2026